Territorial Law Library

**IN THE SUPERIOR COURT OF GUAM**

PEDRO T. AGUON, et al., )   Civil Case No.: CV1334-96
)
Plaintiffs, )
)
)
)
vs. )
)   **DECISION AND ORDER**
)   **(Motion to Substitute Party)**
SALGILL LAND CORPORATION, )
)
Defendant. )
)

## INTRODUCTION

This matter came before the Court on Defendant's Motion to Substitute Personal Representative as Party filed on November 28, 2011. Plaintiffs Pedro T. Aguon, et al. (Plaintiffs) are represented by Attorney Darleen E. Hiton. Defendant Salgill Land Corporation (Defendant) is represented by Attorney Mitchell F. Thompson and Attorney Curtis C. Van de veld. After considering the matter presented, the Court now issues the following decision and order granting the motion.

## BACKGROUND

Plaintiffs initiated this action in 1996 seeking to enforce or rescind the contract to purchase Lot 25, Umatac, Guam (Lot 25). On April 14, 2009, the Court granted summary judgment in Defendant's favor. On April 20, 2009, Plaintiffs filed their Request for Enlargement of Time for Entry of Final Judgment Pursuant to Court's Direction. Plaintiffs asked the Court for nine months to begin and complete probate for the deceased Plaintiffs and effectively grant Defendant a one year mortgage as requested. The Court on April 23, 2009, entered judgment and ordered: the contract for sale of Lot 25 is rescinded; Defendant shall

immediately transfer any title or interest under the contract; Plaintiff shall immediately pay Defendant $140,000.00 with interest accruing. The Court also denied Plaintiffs' request for enlargement of time.

During the pendency of the case, Plaintiffs Pedro T. Aguon, Gregorio T. Aguon, Arthur A. Quinata, and Juan A. Quinata died. On November 9, 2011, Georgette Bello Concepcion was named Special Administrator of each of the four Estates.

On November 28, 2011, Defendant filed its Motion to Substitute Personal Representative as Party and Memorandum of Points and Authorities in Support Thereof. On December 7, 2011, Plaintiffs filed Plaintiffs' Non-Opposition to Defendant's Motion to Substitute Personal Representative as Party.

## DISCUSSION

Defendant states that Georgette Bello Concepcion is a proper party for substitution pursuant to Guam Rule of Civil Procedure 25(a)(1), as the four Plaintiffs are now deceased. Plaintiffs do not oppose Defendant's motion.

Rule 25(a)(1) of the Guam Rules of Civil Procedure governs substitution and provides:

> *If a party dies and the claim is not thereby extinguished*, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. Unless the motion for substitution is made not later than 90 days after *death is suggested upon the record by service of a statement of the fact of the death* as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Guam R. Civ. P. 25(a)(1) (emphasis added).

Under Rule 25(a)(1), the ninety day time period is triggered by two affirmative steps: (1) death is suggested on the record and (2) service of the statement of death is proper. Here, there

is no record these affirmative steps have occurred. Therefore, the case cannot be dismissed pursuant to Guam Rule of Civil Procedure 25(a)(1).

## CONCLUSION

The Court **GRANTS** Defendant's motion to substitute, and Georgette Bello Concepcion, Representative of the Estates of Pedro T. Aguon, Gregorio T. Aguon, Arthur A. Quinata, and Juan A. Quinata, is substituted as a party.

SO ORDERED: 3-6-12 .

_R Benson_

**Richard H. Benson**
**Judge *Pro Tempore***
**Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

MAR 06 2012

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam